IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHID BALOCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-01132-E |
| | § | |
| ENVISION HEALTHCARE CORP., | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

Plaintiff Shahid Baloch ("Plaintiff") and Defendant Envision Healthcare Corporate ("Defendant") file this Joint Status Report pursuant to the Court's June 11, 2021 Order (Dkt. 8).

On July 1, 2021, counsel for Plaintiff and counsel for Defendant conferred regarding the matters prescribed in the Order. Due to the COVID-19 pandemic, and in an effort to comply with federal and local health directives, the Parties conferred telephonically instead of meeting in person. The Parties respectfully submit the following information to the Court:

### Matters Required By The Court's June 11, 2021 Order

1. **A brief statement of the nature of the case, including the contentions of the parties.**

   **Plaintiff's Contentions**

   Plaintiff alleges that Defendant discriminated against him on the basis of his race/national origin and age when they did not promote him to Director of the AR Department in February of 2020 after the merger. Plaintiff asserts that he was treated differently than his comparators, two younger white females, who were provided the titles of Director and Senior Manager. Plaintiff complained to management regarding their failure to promote him to the Director position. Plaintiff asserts that these complaints constitute protected activity. Plaintiff asserts that he was furloughed in April of 2020 and selected for lay-off in July of 2020 because of his race/national origin, age and in retaliation for his protected activity. Plaintiff incorporates his complaint herein by reference.

   **Defendant's Contentions**

   Defendant denies Plaintiff's material claims and allegations. Specifically, Defendant denies that it discriminated against Plaintiff of the basis of his race, national origin or age.

Defendant further denies it took any retaliatory action against Plaintiff for any alleged complaints made during Plaintiff's employment with Defendant. Plaintiff's employment ended due to legitimate, non-discriminatory and non-retaliatory reasons. Defendant incorporates its Answer and Defenses.

**2.   Any challenge to jurisdiction or venue.**

The Parties do not anticipate any challenges to jurisdiction or venue.

**3.   Any pending motions.**

There are no motions pending before the Court.

**4.   Any matters which require a conference with the court.**

None at this time.

**5.   Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

The Parties do not anticipate that other parties will be joined. The Parties propose a deadline of September 2, 2021 to add parties and amend pleadings.

**6.   A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for both Parties acknowledge compliance with the above requirement of the Court. Counsel have read the *Dondi* decision, and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan, as amended in May 2002.

**7.   (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon issues.**

Please see proposed discovery plan below. The Parties do not anticipate conducting discovery in phases.

**8.   Any issues related to discovery or discovery of electronically stores information, including the form or forms (e.g., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

The Parties do not currently believe special discovery measures are necessary for the discovery of ESI, and are not currently aware of any disputes governing ESI. The Parties intend to request information through traditional means of discovery, which may include requests for the production of ESI. The Parties agree that any ESI will initially be produced in PDF form. The Parties will then evaluate whether any of the items so produced should also be produced or examined in other formats.

9. **Any issues related to claims of privilege or of protection as trial-preparation material, including whether the parties agree on a procedure to assert such claims after production (if the parties have any related agreement, they should submit a proposed joint order to the Court reflecting the agreement).**

   None at this time. If any issues arise regarding the inadvertent production of privileged documents or materials, the Parties agree that any privilege claims will not be waived by production, and the party inadvertently producing the documents or materials can request their return within a reasonable amount of time after the inadvertent production is discovered. Additionally, the Parties may agree to enter into a Stipulated Protective Order that covers the disclosure and protection of confidential materials.

10. **What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules, and what other limitations should be imposed.**

    The Parties agree that the standard limitations imposed by the Federal Rules of Civil Procedure and local rules are appropriate.

11. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

    None at this time.

12. **Proposed deadlines with specific dates that limit the time to (a) join other parties and amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2); and (e) file expert reports.**

    The Parties propose the following deadlines. Further, the Parties recognize that the current pandemic situation is unique, and the Parties agree to work with each other on any extensions to the below deadlines as it becomes necessary:

    | | |
    |---|---|
    | Join other parties and amend the pleadings | September 2, 2021 |
    | File motions, including summary judgment and other dispositive motions | March 18, 2022 |
    | Complete discovery | February 18, 2022 |
    | Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2) | Plaintiff: December 17, 2021<br>Defendant: January 7, 2022 |
    | File expert reports | Plaintiff: January 14, 2022<br>Defendant: February 4, 2022 |

13. **A proposed trial date agreed to by the parties, estimated length of trial, and whether a jury has been demanded.  The proposed trial date should be within eighteen months of the case being filed unless the parties demonstrate it is not feasible to try the case within that time.  The Court operates a three-week docket beginning the first Tuesday of each month.  Therefore, the parties should propose a trial date that corresponds with the first Tuesday of the agreed-upon month.)**

    The Parties propose a trial date of July 6, 2022.  The Parties anticipate trial lasting approximately three days.  Plaintiff has demanded a jury trial.

14. **Whether parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C.A §636(c).**

    The Parties do not consent to trial before a United States Magistrate Judge at this time.

15. **Progress made toward settlement, and the present status of settlement negotiations. (This must be a detailed report.  Do not submit a generic recitation that settlement was discussed but unsuccessful.)**

    Plaintiff made an initial demand before filing his charges with the EEOC.  The Parties engaged in settlement discussion at that time, exchanging offers, but did not reach a resolution.  Plaintiff anticipates making another offer in the next 30 days and Defendant will respond.  Both Parties are committed to negotiating in good faith towards a prompt resolution of this matter.

16. **Whether mediation has taken place, and, if not, what form of alternative dispute resolution (*e.g.*, mediation, arbitration) would be most appropriate for resolving this case and when it would be most effective; and**

    Mediation has not yet taken place.  The Parties propose a mediation deadline of November 17, 2021, which would allow the Parties to take depositions that will provide for a more productive mediation.

17. **Any other matters relevant to the status and disposition of this case.**

    None at this time.

Respectfully submitted,

**NEILL LEGLER COLE, PLLC**

By: */s/ Kyla Gail Cole*
JANE LEGLER
Texas State Bar No. 03565820
jane@nlcemployeelaw.com
CHRISTINE NEILL
Texas State Bar No. 00796793
christine@nlcemployeelaw.com
KYLA GAIL COLE
Texas State Bar No. 24033113
kyla@nlcemployeelaw.com

3030 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (Fax)

**ATTORNEYS FOR PLAINTIFF**

*-and-*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Kristin Snyder Higgins*
KRISTIN SNYDER HIGGINS
Texas State Bar No. 24046880
kristin.higgins@ogletree.com
JEFF T. LESLIE
Texas State Bar No. 24091294
jeff.leslie@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing document was filed electronically on July 2, 2021, and service of same will be made by the Court's ECF system to all parties of record.

*/s/Kristin Snyder Higgins*
KRISTIN SNYDER HIGGINS

47670826.3